B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Harrison, Jamila | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-0150 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>406 Oneida St. Apt D<br>Joliet, IL<br>ZIP Code  60435 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Will | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization) (Check one box)

- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Tax-Exempt Entity
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts
(Check one box)

- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

### Filing Fee (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information   *** Kerrie S. Neal 6270224 ***

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

B1 (Official Form 1)(12/11)                                                                                                Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Harrison, Jamila |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:   - None - | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: - None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** /s/ Kerrie S. Neal                January 21, 2013<br>Signature of Attorney for Debtor(s)              (Date)<br>Kerrie S. Neal 6270224 |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)


☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)                                                                                          Page 3

## Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
Harrison, Jamila

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Jamila Harrison**
Signature of Debtor  Jamila Harrison

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

January 21, 2013
Date

**Signature of Attorney***

X **/s/ Kerrie S. Neal**
Signature of Attorney for Debtor(s)

Kerrie S. Neal 6270224
Printed Name of Attorney for Debtor(s)

Zalutsky & Pinski, Ltd.
Firm Name
20 N Clark
Suite 600
Chicago, IL 60602

Address

Email: admin@ZAPLawFirm.com
312-782-9792  Fax: 312-782-0483
Telephone Number

January 21, 2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Jamila Harrison                                              Case No. _____
                                            Debtor(s)       Chapter    7

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                                                    Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   /s/ Jamila Harrison
                        Jamila Harrison

Date:   January 21, 2013

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court

### Northern District of Illinois

In re    Jamila Harrison                                                                                ,    Case No. _____

                                                        Debtor

                                                                                                Chapter_____7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 9,150.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 11,429.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 12 | | 19,662.95 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 1,819.80 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 1,875.00 |
| Total Number of Sheets of ALL Schedules | | 23 | | | |
| | | Total Assets | 9,150.00 | | |
| | | | Total Liabilities | 31,091.95 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    Jamila Harrison

Debtor,

Case No. _____

Chapter _____7_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 6,848.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 6,848.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 1,819.80 |
| Average Expenses (from Schedule J, Line 18) | 1,875.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 2,229.33 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 5,429.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 19,662.95 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 25,091.95 |

B6A (Official Form 6A) (12/07)

In re    Jamila Harrison                                        ,    Case No. _____

Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | |

|  |  |  | Sub-Total > | 0.00 | (Total of this page) |
|  |  |  | Total > | 0.00 | |

___0___ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    Jamila Harrison                                                    ,    Case No. _____

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | 4 Standard Rooms of Furniture; Miscellaneous Household Goods & Furnishings | - | 1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Miscellaneous Books & Photos | - | 200.00 |
| 6.  Wearing apparel. | | Used Clothing | - | 700.00 |
| 7.  Furs and jewelry. | | Miscellaneous Jewelry | - | 250.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Life Insurance no cash value | - | 0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

|  |  |  |  | Sub-Total >    2,150.00 |
|---|---|---|---|---|
|  |  |  |  | (Total of this page) |

__2__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Jamila Harrison                                              ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >            0.00
(Total of this page)

Sheet  __1__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     Jamila Harrison                                                    ,          Case No. _____
                                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1998 Chevy Monte Carlo | - | 1,000.00 |
| | | 2002 Ford Explorer, 121k miles | - | 6,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 7,000.00 |
| (Total of this page) | |
| Total > | 9,150.00 |

Sheet   2   of   2   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re   Jamila Harrison                                            ,      Case No. _____
                                                        Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                   *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings** 4 Standard Rooms of Furniture; Miscellaneous Household Goods & Furnishings | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** Miscellaneous Books & Photos | 735 ILCS 5/12-1001(a) | 100% | 200.00 |
| **Wearing Apparel** Used Clothing | 735 ILCS 5/12-1001(a) | 100% | 700.00 |
| **Furs and Jewelry** Miscellaneous Jewelry | 735 ILCS 5/12-1001(b) | 250.00 | 250.00 |
| **Interests in Insurance Policies** Life Insurance no cash value | 215 ILCS 5/238 | 100% | 0.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** 1998 Chevy Monte Carlo | 735 ILCS 5/12-1001(c) | 2,400.00 | 1,000.00 |

|  | Total: | 4,550.00 | 3,150.00 |

  0    continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                        Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    Jamila Harrison
_____,    Case No. _____
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. xxxxx0148<br><br>Gateway Financial Services<br>PO Box 6919<br>Saginaw, MI 48608-6919 | - | | | 8/29/12 Last Active 11/09/12<br><br>PMSI<br><br>2002 Ford Explorer, 121k miles | | | | | |
| | | | | Value $                 6,000.00 | | | | 11,429.00 | 5,429.00 |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

__0__ continuation sheets attached

| | Subtotal<br>(Total of this page) | 11,429.00 | 5,429.00 |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 11,429.00 | 5,429.00 |

B6E (Official Form 6E) (4/10)

In re    Jamila Harrison                                                                                    Case No. _____
                                                                             ,
                                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

___0___ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    Jamila Harrison _____ ,    Case No. _____
                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
| | | H | W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Aarco-American, Inc. <br> 549 W Madison St <br> Chicago, IL 60607 | | - | | | | | | | 270.00 |
| Account No. xxxxxxxx2964 <br><br> Assoc. Pathologists Of Joliet <br> c/o Cda/pontiac <br> Po Box 213 <br> Streator, IL 61364 | | - | | | Opened  1/01/10 <br> CollectionAttorney | | | | 161.00 |
| Account No. x4906 <br><br> Associates Opthalmologists <br> P.O. Box 2937 <br> Joliet, IL 60434 | | - | | | | | | | 165.10 |
| Account No. xxxxxxxx & xxxx7406 <br><br> At T <br> c/o Enhanced Recovery Corp <br> 8014 Bayberry Rd <br> Jacksonville, FL 32256 | | - | | | Opened  9/01/08 <br> CollectionAttorney | | | | 192.00 |

| __11__ continuation sheets attached | Subtotal <br> (Total of this page) | 788.10 |
|---|---|---|

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                                    ,    Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxxx9856 | | | | | | | | |
| Bank of America c/o ERS Inc. 800 SW 39th St., P.O. Box 9004 Renton, WA 98057 | - | | | | | | | 173.80 |
| Account No. | | | | | | | | |
| Black Expressions RJM Acquisitions LLC 575 Underhill Blvd. Suite 224 Syosset, NY 11791-3416 | - | | | | | | | 92.35 |
| Account No. | | | | | | | | |
| Centrix Financial 6782 S. Potomax St Englewood, CO 80112 | - | | | | | | | 802.30 |
| Account No. | | Notice Only | | | | | | |
| Charter One c/o NAFS 165 Lawrence Bell Dr. PO Box 9027 Williamsville, NY 14231-9027 | - | | | | | | | 0.00 |
| Account No. xxxxxxx0330 | | | | | | | | |
| Chase P.O. Box 659754 San Antonio, TX 78265 | - | | | | | | | 475.14 |

Sheet no. __1__ of __11__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    1,543.59

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                          ,    Case No. _____
                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Check N Go <br> 2010 E. 159th Street <br> Calumet City, IL 60409 | - | | | Notice Only | | | | 0.00 |
| Account No. <br><br> City of Chicago <br> Department of Revenue <br> 121 N. LaSalle St. Rm. 107A <br> Chicago, IL 60602 | - | | | | | | | 100.00 |
| Account No. xxxxxx3300 <br><br> City of Chicago <br> Department of Revenue <br> 121 N. LaSalle St. Rm. 107A <br> Chicago, IL 60602 | - | | | | | | | 344.00 |
| Account No. <br><br> City Of Joliet <br> P.O. Box 457 <br> Wheeling, IL 60090 | - | | | | | | | 80.00 |
| Account No. xxxx8631 <br><br> Comcast Cable Communications <br> c/o Enhanced Recovery Corp <br> 8014 Bayberry Rd <br> Jacksonville, FL 32256 | - | | | Opened 7/01/11 <br> CollectionAttorney | | | | 289.00 |

Sheet no. __2__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        813.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                                    ,    Case No. _____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxx3906<br><br>Comcast Chicago Seconds - 2000<br>c/o Credit Management Lp<br>4200 International Pkwy<br>Carrollton, TX 75007 | - | | | Opened 8/01/08<br>CollectionAttorney | | | | 264.00 |
| Account No. xxx3487<br><br>Commonwealth Edison Co<br>c/o Torres Crdit<br>Po Box 189<br>Carlisle, PA 17013 | - | | | Opened 6/01/12<br>CollectionAttorney | | | | 589.00 |
| Account No.<br><br>Direct Loans<br>Department of Education<br>PO Box 530260<br>Atlanta, GA 30353-0260 | - | | | Notice Only | | | | 0.00 |
| Account No.<br><br>ECMC<br>Post Default Services<br>P.O. Box 419045<br>Rancho Cordova, CA 95741-9033 | - | | | | | | | 0.00 |
| Account No.<br><br>Everest Colle-Merrionette Park<br>c/o Patricia L Dearing LLC<br>1414 Gause BLVD., Suite 10<br>Slidell, LA 70458 | - | | | | | | | 889.14 |

Sheet no. __3__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                1,742.14

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                                   ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Notice Only | | | | |
| First Bank P.O. Box 2407 Minneapolis, MN 55402 | - | | | | | | | 0.00 |
| Account No. | | | | | | | | |
| First Midwest Bank P.O. Box 580 Joliet, IL 60434-0580 | - | | | | | | | 850.00 |
| Account No. xxxxxxxxxx16GC | | | | Opened 11/01/10  Last Active  3/11/12 ChargeAccount | | | | |
| Grandpointe 1112 7th Ave Monroe, WI 53566 | | | | | | | | 113.00 |
| Account No. | | | | | | | | |
| Grandpointe P.O. Box 8939 Madison, WI 53708-8939 | - | | | | | | | 58.39 |
| Account No. xxx7558 | | | | | | | | |
| IDES Benefit Repayments P.O. Box 6996 Chicago, IL 60680-6996 | - | | | | | | | 582.00 |

Sheet no. __4__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        1,603.39

B6F (Official Form 6F) (12/07) - Cont.

In re  Jamila Harrison                                    ,     Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. <br><br> Insta Cash <br> P.O. Box 456 <br> Chicago, IL 60690 | - | | | | | | | 562.00 |
| Account No. <br><br> Joliet Central High School <br> 201 E. Jefferson St. <br> Joliet, IL 60432 | - | | | | | | | 109.50 |
| Account No. <br><br> Larkin Village Apartment <br> C/O Collection Professionals, Inc <br> 1256 Jefferson Suite 200 <br> Joliet, IL 60435 | - | | | Notice Only | | | | 0.00 |
| Account No. <br><br> Richman Property Group <br> 340 Pemberwick Rd <br> Greenwich, CT 06831 | | | | Representing: <br> Larkin Village Apartment | | | | Notice Only |
| Account No. xx xx 1429 <br><br> Sanford Kahn <br> 180 N. LaSalle <br> Ste 2025 <br> Chicago, IL 60602 | | | | Representing: <br> Larkin Village Apartment | | | | Notice Only |

Sheet no. __5__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                   671.50

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                          ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. xx2442 | | | | | Opened  3/01/03  Last Active  4/01/04 Notice Only | | | | |
| Lobel Financial Corp Po Box 3000 Anaheim, CA 92803 | - | | | | | | | | 0.00 |
| Account No. xx8671 | | | | | | | | | |
| Meridian Medical Associates 2100 Glenwood Ave. Joliet, IL 60435 | - | | | | | | | | 150.00 |
| Account No. xx5459 | | | | | | | | | |
| Midwest Hospitalists, LLC c/o MH-Advanced Medical MGMT. 333 N. Hammes Ave., Ste. 100 Joliet, IL 60435 | - | | | | | | | | 364.00 |
| Account No. | | | | | | | | | |
| Nationwide Nevada LLC 3435 N. Cicero Ave Chicago, IL 60641 | - | | | | | | | | 0.00 |
| Account No. | | | | | Notice Only | | | | |
| Peoples Energy PO Box 163250 Columbus, OH 43216-3250 | - | | | | | | | | 0.00 |

Sheet no. _6_ of _11_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| Subtotal (Total of this page) | 514.00 |
|---|---|

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                          , Case No. _____
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. xxxxxxxxxxxxxxxxxxxxxxxx0000 | | | | Opened 3/01/10 CollectionAttorney | | | | |
| Prairie Emergency Services c/o Ars Account Resolution 1801 Nw 66th Ave Ste 200 Plantation, FL 33313 | - | | | | | | | 301.00 |
| Account No. xxxx5592 | | | | Opened 4/01/12 CollectionAttorney | | | | |
| Provena St Joseph Med Ctr c/o Osi Collect 507 Prudential Rd. Horsham, PA 19044 | - | | | | | | | 3,601.00 |
| Account No. | | | | Notice Only | | | | |
| Rent A Center c/o Glenn E. Heilizer 188 W. Randolph Street  Suite 1401 Chicago, IL 60601 | - | | | | | | | 0.00 |
| Account No. xxxxxxxxxx1007 | | | | | | | | |
| Sage Telecom PO Box 79051 Phoenix, AZ 85062-9051 | - | | | | | | | 10.00 |
| Account No. xxxxxxxxxxxxxxxxxx0324 | | | | Opened 3/01/06 Last Active 2/09/09 Notice Only | | | | |
| Sallie Mae Po Box 9500 Wilkes Barre, PA 18773 | - | | | | | | | 0.00 |

Sheet no. __7__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                      3,912.00

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                      Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                                          ,    Case No. _____
                                     Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J | C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxx0002<br><br>Sallie Mae Education Trust<br>c/o Ecmc<br>Po Box 64909<br>St. Paul, MN 55164 | - | | | | Opened  3/01/11  Last Active  8/04/12<br>Educational | | | | 4,242.00 |
| Account No. xxxxxxx0001<br><br>Sallie Mae Education Trust<br>c/o Ecmc<br>Po Box 64909<br>St. Paul, MN 55164 | - | | | | Opened  3/01/11  Last Active  8/04/12<br>Educational | | | | 2,606.00 |
| Account No. xxxxx1262<br><br>Security Fin<br>Sfc Centralized Bankruptcy<br>Po Box 1893<br>Spartanburg, SC 29304 | - | | | | Opened  5/25/10  Last Active  8/06/10<br>Unsecured | | | | 300.00 |
| Account No.<br><br>Sprint<br>P.O. Box 600607<br>Jacksonville, FL 32260 | - | | | | Notice Only | | | | 0.00 |
| Account No. xxxxx1561<br><br>Stroger Hospital<br>Linebarger Goggan Blair & Sampson<br>P.O. Box 06268<br>Chicago, IL 60606-0268 | - | | | | | | | | 207.62 |

Sheet no. __8__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                        7,355.62

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                    , Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxx1531 | | | | Cellular Service | | | | |
| T-Mobile Bankruptcy Dept P.O. Box 53410 Bellevue, WA 98015 | - | | | | | | | 124.96 |
| Account No. | | | | Notice Only | | | | |
| TCF Bank 601 West 14TH Street Chicago Heights, IL 60411 | - | | | | | | | 0.00 |
| Account No. xx xx xx7400 | | | | | | | | |
| Thorncreek Townhomes 3300 Western Ave. Park Forest, IL 60466 | - | | | | | | | 0.00 |
| Account No. | | | | Representing: Thorncreek Townhomes | | | | Notice Only |
| Jerome Citron 120 W. Madison Chicago, IL 60602 | | | | | | | | |
| Account No. xx0498 | | | | | | | | |
| Title Lenders Inc. d/b/a USA Payday Loan 292 S. Larkin Ave. Joliet, IL 60436 | - | | | | | | | 315.60 |

Sheet no. __9__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      440.56

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                                    ,    Case No. _____
                                    **Debtor**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxx5051 | | | | | | | | |
| Universal Benefits Corp. 2700 W. Plano Parkway Plano, TX 75075 | - | | | | | | | 10.05 |
| Account No. | | Notice Only | | | | | | |
| US Cellular Attn: Write Off Department P.O. Box 7835 Madison, WI 53707-7835 | - | | | | | | | 0.00 |
| Account No. | | | | | | | | |
| Villagebrooke Apartments 278 E. St. Charles Road Carol Stream, IL 60188 | - | | | | | | | 0.00 |
| Account No. xx8671 | | | | | | | | |
| Will County Medical Associates, S.C At Joliet Medical Building 2100 Glenwood Ave. Joliet, IL 60435 | - | | | | | | | 175.00 |
| Account No. | | | | | | | | |
| Womens DOC 20 Executive Ct South Barrington, IL | - | | | | | | | 94.00 |

Sheet no. __10__ of __11__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                                    279.05

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Jamila Harrison                                                    ,      Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Notice Only | | | | |
| Woodforest Bank Mirans Response System PO BOX 219050 Houston, TX 77218 | - | | | | | | 0.00 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __11__ of __11__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 0.00 |
| | Total (Report on Summary of Schedules) | 19,662.95 |

B6G (Official Form 6G) (12/07)

.

In re    Jamila Harrison                                                                              ,    Case No. _____
                                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| AT & T<br>P.O. Box 8212<br>Aurora, IL 60572-8212 | Service Contract |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

B6H (Official Form 6H) (12/07)

In re     Jamila Harrison                                              ,     Case No. _____
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

0
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

B6I (Official Form 6I) (12/07)

In re  Jamila Harrison _____  Case No. _____
                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Single | RELATIONSHIP(S):<br>Son<br>Daughter<br>Daughter (in school) | AGE(S):<br>11<br>17<br>19 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Receptionist | |
| Name of Employer | Meridian Medical Associates | |
| How long employed | 2 years | |
| Address of Employer | 2100 Glenwood Ave.<br>Joliet, IL 60435 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 2,205.04 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 2,205.04 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 316.16 | $ N/A |
| b. Insurance | $ 47.41 | $ N/A |
| c. Union dues | $ 0.00 | $ N/A |
| d. Other (Specify):      401k Contribution/Loan | $ 21.67 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 385.24 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,819.80 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance<br>(Specify): | $ 0.00<br>$ 0.00 | $ N/A<br>$ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income<br>(Specify): | $ 0.00<br>$ 0.00 | $ N/A<br>$ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,819.80 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 1,819.80 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  Jamila Harrison _____    Case No. _____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 795.00 |
| a. Are real estate taxes included?    Yes ___    No  X | | |
| b. Is property insurance included?    Yes ___    No  X | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 0.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 85.00 |
| d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 10.00 |
| 4. Food | $ | 400.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 60.00 |
| 7. Medical and dental expenses | $ | 25.00 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 0.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  Child Care/School | $ | 100.00 |
| Other | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 1,875.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.  Average monthly income from Line 15 of Schedule I | $ | 1,819.80 |
| b.  Average monthly expenses from Line 18 above | $ | 1,875.00 |
| c.  Monthly net income (a. minus b.) | $ | -55.20 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Jamila Harrison                      Case No. _____
                                      Debtor(s)             Chapter     7

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    25    sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   January 21, 2013                      Signature    /s/ Jamila Harrison
                                                     Jamila Harrison
                                                       Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (12/12)

# United States Bankruptcy Court
## Northern District of Illinois

In re  Jamila Harrison

Debtor(s)

Case No. _____

Chapter  7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $1,082.46 | 2013: YTD |
| $26,898.54 | 2012: Employment |
| $25,173.78 | 2011: Employment |

---

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $212.00 | 2010 Pension/Annuity |

B 7 (12/12)                                                                                          2

---

### 3. Payments to creditors

**None**
■

**Complete a. or b., as appropriate, and c.**

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**None**
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

**None**
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

**None**
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

**None**
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Insta Cash P.O. Box 456 Chicago, IL 60690 | | Paycheck Garnished |

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 7 (12/12)                                                                                                                    3

---

**5.   Repossessions, foreclosures and returns**

None
■
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.   Assignments and receiverships**

None
■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7.   Gifts**

None
■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8.   Losses**

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9.   Payments related to debt counseling or bankruptcy**

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Zalutsky & Pinski, Ltd. 20 North Clark Street Suite 600 Chicago, IL 60602 | various | $500 ($306 for filing, $25 for credit counseling $30 for credit report and $139 for attorney fee) |

B 7 (12/12)
4

---

**10.  Other transfers**

None  ☑  a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None  ☑  b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11.  Closed financial accounts**

None  ☐  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| Chase | Checking Account | Closed by Bank |

---

**12.  Safe deposit boxes**

None  ☑  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13.  Setoffs**

None  ☑  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

**14.  Property held for another person**

None  ☑  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                    NAME USED                                    DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS      NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                          GOVERNMENTAL UNIT            NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS      NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                          GOVERNMENTAL UNIT            NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                    DOCKET NUMBER                    STATUS OR DISPOSITION

**18 . Nature, location and name of business**

None
■
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None
■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

B 7 (12/12)                                                                                                                7

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  January 21, 2013                              Signature   /s/ Jamila Harrison

                                                                Jamila Harrison
                                                                Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Jamila Harrison                             Case No. _____

                              Debtor(s)        Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
| --- | --- |
| **Creditor's Name:**<br>Gateway Financial Services | **Describe Property Securing Debt:**<br>2002 Ford Explorer, 121k miles |

Property will be (check one):
   ■ Surrendered                 ☐ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt            ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
| --- | --- | --- |
| **Lessor's Name:**<br>AT & T | **Describe Leased Property:**<br>Service Contract | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES      ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   January 21, 2013              Signature    /s/ Jamila Harrison _____

                                                 Jamila Harrison

                                                 Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re   Jamila Harrison _____   Case No. _____

　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　Chapter   7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.　Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $　　139.00 |
| Prior to the filing of this statement I have received | $　　139.00 |
| Balance Due | $　　0.00 |

2.　$　306.00　 of the filing fee has been paid.

3.　The source of the compensation paid to me was:

　　■ Debtor　　　☐ Other (specify):

4.　The source of compensation to be paid to me is:

　　■ Debtor　　　☐ Other (specify):

5.　■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

　　☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.　In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

　　a.　Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
　　b.　Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
　　c.　Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
　　d.　[Other provisions as needed]
　　　　Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

　　　　Outside counsel may be employed under firm supervision, and paid by our firm.

7.　By agreement with the debtor(s), the above-disclosed fee does not include the following service:
　　　　Representation of the debtors in any dischargeability actions or any other adversary proceeding.

---

**CERTIFICATION**

　　I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:　January 21, 2013 _____　　　/s/ Kerrie S. Neal _____
　　　　　　　　　　　　　　　　　　　　　　　Kerrie S. Neal 6270224
　　　　　　　　　　　　　　　　　　　　　　　Zalutsky & Pinski, Ltd.
　　　　　　　　　　　　　　　　　　　　　　　20 N Clark
　　　　　　　　　　　　　　　　　　　　　　　Suite 600
　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　　　　　　　　　　　312-782-9792  Fax: 312-782-0483
　　　　　　　　　　　　　　　　　　　　　　　admin@ZAPLawFirm.com

---

## PRE-PETITION CHAPTER 7 RETAINER AGREEMENT

_____, herein referred to as the Debtor(s) agree(s) to retain the law firm of Zalutsky & Pinski, Ltd., for the limited purpose of providing legal services related to and including; providing an evaluation of the undersigned's financial situation and an explanation of available options, including Chapter 13. After which Zalutsky & Pinski, Ltd., agrees to prepare and file Debtor(s)' petition and/or schedules with the Clerk of the Bankruptcy Court. In addition to the legal services provided, Zalutsky & Pinski, Ltd., agrees to obtain a credit report on behalf of Debtor(s) as well as assist in the procurement of mandatory credit counseling. Zalutsky & Pinski, Ltd.'s representation is completed and any and all agreements, including but not limited to this one, are terminated upon the filing of Debtor(s)' Bankruptcy petition and/or schedules.

Debtor(s) agrees to pay a retainer in the amount of $ _____ to Zalutsky & Pinski, Ltd., for the above stated pre-filing legal services, related expenses, and court costs. It is understood that any monies paid for said services, related expenses, and court costs is nonrefundable once received by Zalutsky & Pinski, Ltd., regardless of whether or not a petition is filed with the Bankruptcy Court.

It is also understood that both Debtor(s) and Zalutsky & Pinski, Ltd., enter this agreement with the intention that upon the the completion/termination of services contracted for under this agreement, Debtor(s) will enter into a second retainer agreement with Zalustky & Pinski, Ltd., for post-filing bankruptcy related services. It is understood that neither Debtor(s) nor Zalutsky & Pinski, Ltd are under any further obligation to each other once the services contemplated under this agreement have been terminated and/or the Bankruptcy petition has been filed with the Court. Debtor(s) retains the ability to represent himself or is free to obtain other representation for services to be rendered subsequent to the filing of the Chapter 7 petition. If Debtor(s) intend(s) to have Zalutsky & Pinski, Ltd., as their legal representative subsequent to the petition being filed, an additional retainer agreement must be entered into at that time.

It is further understood that any funds received by Zalutsky & Pinski, Ltd., in excess of the initial pre-filing retainer of $ _____, shall be held by the firm with the understanding that these funds are to be applied to Debtor(s)' fees for post-petition services should Debtor(s) opt to retain Zalutsky & Pinski, Ltd. In the event that Debtor(s) does not elect to retain Zalutsky & Pinski, Ltd., after the termination of this agreement, or Debtor(s) expressly requests that those funds paid in excess be returned, then Zalustky & Pinski, Ltd., agrees to refund all funds received in excess of the amount listed in this pre-petition retainer agreement.

X _____
Client

X _____
Client

_____
Date    8/18/12

_____
ZALUTSKY & PINSKI, LTD.
8/16/12

_____
Date

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Jamila Harrison                                              Case No.
                                         Debtor(s)      Chapter        7

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| Jamila Harrison | X | /s/ Jamila Harrison | January 21, 2013 |
|---|---|---|---|
| Printed Name(s) of Debtor(s) | | Signature of Debtor | Date |

| Case No. (if known) | X | | |
|---|---|---|---|
| | | Signature of Joint Debtor (if any) | Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                     Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re   Jamila Harrison _____     Case No. _____
                                    Debtor(s)          Chapter   7

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ 55

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   January 21, 2013 _____      /s/ Jamila Harrison _____
                                              Jamila Harrison
                                              Signature of Debtor

Aarco-American, Inc.
549 W Madison St
Chicago, IL 60607


Assoc. Pathologists Of Joliet
c/o Cda/pontiac
Po Box 213
Streator, IL 61364


Associates Opthalmologists
P.O. Box 2937
Joliet, IL 60434


AT & T
P.O. Box 8212
Aurora, IL 60572-8212


At T
c/o Enhanced Recovery Corp
8014 Bayberry Rd
Jacksonville, FL 32256


Bank of America
c/o ERS Inc.
800 SW 39th St., P.O. Box 9004
Renton, WA 98057


Black Expressions
RJM Acquisitions LLC
575 Underhill Blvd. Suite 224
Syosset, NY 11791-3416


Centrix Financial
6782 S. Potomax St
Englewood, CO 80112


Charter One
c/o NAFS
165 Lawrence Bell Dr. PO Box 9027
Williamsville, NY 14231-9027


Chase
P.O. Box 659754
San Antonio, TX 78265

Check N Go
2010 E. 159th Street
Calumet City, IL 60409


City of Chicago
Department of Revenue
121 N. LaSalle St. Rm. 107A
Chicago, IL 60602


City Of Joliet
P.O. Box 457
Wheeling, IL 60090


Comcast Cable Communications
c/o Enhanced Recovery Corp
8014 Bayberry Rd
Jacksonville, FL 32256


Comcast Chicago Seconds - 2000
c/o Credit Management Lp
4200 International Pkwy
Carrollton, TX 75007


Commonwealth Edison Co
c/o Torres Crdit
Po Box 189
Carlisle, PA 17013


Direct Loans
Department of Education
PO Box 530260
Atlanta, GA 30353-0260


ECMC
Post Default Services
P.O. Box 419045
Rancho Cordova, CA 95741-9033


Everest Colle-Merrionette Park
c/o Patricia L Dearing LLC
1414 Gause BLVD., Suite 10
Slidell, LA 70458


First Bank
P.O. Box 2407
Minneapolis, MN 55402

First Midwest Bank
P.O. Box 580
Joliet, IL 60434-0580


Gateway Financial Services
PO Box 6919
Saginaw, MI 48608-6919


Grandpointe
1112 7th Ave
Monroe, WI 53566


Grandpointe
P.O. Box 8939
Madison, WI 53708-8939


IDES
Benefit Repayments
P.O. Box 6996
Chicago, IL 60680-6996


Insta Cash
P.O. Box 456
Chicago, IL 60690


Jerome Citron
120 W. Madison
Chicago, IL 60602


Joliet Central High School
201 E. Jefferson St.
Joliet, IL 60432


Larkin Village Apartment
C/O Collection Professionals, Inc
1256 Jefferson Suite 200
Joliet, IL 60435


Lobel Financial Corp
Po Box 3000
Anaheim, CA 92803


Meridian Medical Associates
2100 Glenwood Ave.
Joliet, IL 60435

Midwest Hospitalists, LLC
c/o MH-Advanced Medical MGMT.
333 N. Hammes Ave., Ste. 100
Joliet, IL 60435


Nationwide Nevada LLC
3435 N. Cicero Ave
Chicago, IL 60641


Peoples Energy
PO Box 163250
Columbus, OH 43216-3250


Prairie Emergency Services
c/o Ars Account Resolution
1801 Nw 66th Ave Ste 200
Plantation, FL 33313


Provena St Joseph Med Ctr
c/o Osi Collect
507 Prudential Rd.
Horsham, PA 19044


Rent A Center
c/o Glenn E. Heilizer
188 W. Randolph Street  Suite 1401
Chicago, IL 60601


Richman Property Group
340 Pemberwick Rd
Greenwich, CT 06831


Sage Telecom
PO Box 79051
Phoenix, AZ 85062-9051


Sallie Mae
Po Box 9500
Wilkes Barre, PA 18773


Sallie Mae Education Trust
c/o Ecmc
Po Box 64909
St. Paul, MN 55164

Sanford Kahn
180 N. LaSalle
Ste 2025
Chicago, IL 60602


Security Fin
Sfc Centralized Bankruptcy
Po Box 1893
Spartanburg, SC 29304


Sprint
P.O. Box 600607
Jacksonville, FL 32260


Stroger Hospital
Linebarger Goggan Blair & Sampson
P.O. Box 06268
Chicago, IL 60606-0268


T-Mobile
Bankruptcy Dept
P.O. Box 53410
Bellevue, WA 98015


TCF Bank
601 West 14TH Street
Chicago Heights, IL 60411


Thorncreek Townhomes
3300 Western Ave.
Park Forest, IL 60466


Title Lenders Inc.
d/b/a USA Payday Loan
292 S. Larkin Ave.
Joliet, IL 60436


Universal Benefits Corp.
2700 W. Plano Parkway
Plano, TX 75075


US Cellular
Attn: Write Off Department
P.O. Box 7835
Madison, WI 53707-7835

Villagebrooke Apartments
278 E. St. Charles Road
Carol Stream, IL 60188


Will County Medical Associates, S.C
At Joliet Medical Building
2100 Glenwood Ave.
Joliet, IL 60435


Womens DOC
20 Executive Ct
South Barrington, IL


Woodforest Bank
Mirans Response System
PO BOX 219050
Houston, TX 77218

**Disclosure Pursuant to 11 U.S.C. §527(a)(2)**

You are notified:

1. All information that you are required to provide with a petition and thereafter during a case under the Bankruptcy Code is required to be complete, accurate, and truthful.

2. All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case. Some places in the Bankruptcy Code require that you list the replacement value of each asset. This must be the replacement value of the property at the date of filing the petition, without deducting for costs of sale or marketing, established after a reasonable inquiry. For property acquired for personal, family, or household use, replacement value means the price a retail merchant would charge for property of that kind, considering the age and condition of the property.

3. The following information, which appears on Official Form 22, Statement of Current Monthly Income, is required to be stated after reasonable inquiry: current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of the Bankruptcy Code, disposable income (determined in accordance with section 707(b)(2)).

4. Information that you provide during your case may be audited pursuant to provisions of the Bankruptcy Code. Failure to provide such information may result in dismissal of the case under this title or other sanction, including criminal sanctions.

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

### INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of...

(1)     the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2)     the effect of receiving a discharge of debts
(3)     the effect of reaffirming a debt; and
(4)     your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

### WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

### WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed for bankruptcy.

### WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of the creditors.

Reaffirmation agreements are strictly voluntary — they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

### OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtor's farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,347,500 ($336,900 in unsecured debts and $1,010,650 in secured debts).

### AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

| | |
|---|---|
| /s/ Jamila Harrison | January 21, 2013 |
| Debtor's Signature | Date |